# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| 7321 Wandering Street Trust, | Case No.: 2:21-cv-01193-JAD-EJY |
| Plaintiff | |
| v. | **Order re: Motion for Preliminary Injunction and Motion to Shorten Time** |
| Nationstar Mortgage, LLC; First American Trustee Servicing Solutions, LLC; and Nevada Legal News, LLC, | [ECF Nos. 4, 5] |
| Defendants | |

Plaintiff 7321 Wandering Street Trust moves for an order temporarily restraining defendants Nationstar Mortgage, LLC; First American Trustee Servicing Solutions, LLC; and Nevada Legal News, LLC from foreclosing on its real property in Las Vegas, Nevada.[1] Because the trustee's sale of the property is scheduled to occur on July 6, 2021, Wandering Street also moves to have its motion for injunctive relief heard on shortened time.[2] I construe Wandering Street's motion for shortened time as seeking a temporary a restraining order with notice to the defendants and I grant that relief, truncate the briefing schedule on the injunctive-relief motion, and set that motion for hearing.

The legal standard for issuing a temporary restraining order and the legal standard for preliminary injunctive relief are "substantially identical."[3] Both are "extraordinary" remedies and "never awarded as of right."[4] The Supreme Court clarified in *Winter v. Natural Resources*

---

[1] ECF No. 4.

[2] ECF No. 5.

[3] *See Stuhlbarg Intern. Sales Co. v. John D. Bush and Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001) (stating that the "analysis is substantially identical for the injunction and the TRO").

[4] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008).

*Defense Council, Inc.* that, to obtain an injunction, the plaintiff "must establish that [it] is likely to succeed on the merits, that [it] is likely to suffer irreparable injury in the absence of preliminary relief, that the balance of equities tips in [its] favor, and that an injunction is in the public interest."[5] The Ninth Circuit also recognizes an additional standard: "if a plaintiff can only show that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor,' and the other two *Winter* factors are satisfied."[6]

Wandering Street argues and provides evidence to show that there are serious questions going to whether Nationstar has as valid and existing interest in the deed of trust that it intends to foreclose upon via a trustee's sale on July 6, 2021. With its motion, evidence, and complaint, Wandering Street has demonstrated that it is likely to be irreparably harmed if the foreclosure sale is conducted before the parties can be heard on its motion for a preliminary injunction, and that the other *Winter* factors tip in its favor.

IT IS THEREFORE ORDERED that Wandering Street's motion for an order shorting time, which I construe as a motion for a temporary restraining order, **[ECF No. 5] is GRANTED**. Defendants Nationstar Mortgage, LLC; First American Trustee Servicing Solutions, LLC; and Nevada Legal News, LLC; their officers, agents, servants, employees, and attorneys; and any other person acting in active concert or participation with any defendant are **RESTRAINED** from proceeding with the foreclosure sale of real property known as 7321 Wandering Street, Las Vegas, Nevada 89131.

---

[5] *Id.* at 20.

[6] *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013) (quoting *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011)).

IT IS FURTHER ORDERED that this temporary restraining order will automatically EXPIRE at **5:00 p.m. on July 14, 2021**, unless it is extended by the court for cause or converted into a preliminary injunction.

IT IS FURTHER ORDERED that Wandering Street must post a bond by the court in the amount of $1,000 by 5:00 p.m. on June 30, 2021, to effectuate this order and recompense defendants if it is later determined that they have been wrongfully restrained.

IT IS FURTHER ORDERED that Wandering Street's motion for a preliminary injunction [ECF No. 4] will be heard at **11:00 a.m. on July 14, 2021**, in Courtroom 6D of the Lloyd D. George Federal Courthouse, 333 Las Vegas Blvd. So., Las Vegas, Nevada 89101. Defendants have until **noon on July 7, 2021,** to file any response to the motion for preliminary injunction. Wandering Street has until **noon on July 12, 2021,** to file any reply.

_____
U.S. District Judge Jennifer A. Dorsey
June 30, 2021