# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

7321 Wandering Street Trust,

    Plaintiff

v.

New Residential Mortgage Loan Trust 2020-NPL2; First American Trustee Servicing Solutions, LLC; and Nevada Legal News, LLC,

    Defendants

Case No.: 2:21-cv-01193-JAD-EJY

**Order Denying Motion to Remand and Granting in Part and Denying in Part Motion to Dismiss**

[ECF Nos. 21, 27]

    This case is a remnant of Nevada's foreclosure crisis in which real estate investors snapped up homes for pennies on the dollar after the owners defaulted on their homeowner-association assessments. Plaintiff 7321 Wandering Street Trust did just that in January 2012 when it purchased this home for $1,050 at an HOA foreclosure sale. The home had been purchased eight years earlier with a nearly $200,000 loan secured by a deed of trust. When the purported holder of that note took steps to foreclose on that long-unpaid mortgage last spring, the Trust filed this quiet-title action. It theorizes that the party claiming to hold the note cannot enforce it because it is not in possession of the note and, regardless, the deed of trust was extinguished by operation of Nevada Revised Statute 106.240, which conclusively presumes that a lien is automatically extinguished ten years after the debt it secures becomes wholly due.

    The Trust filed this action in state court, naming as defendants the out-of-state note holder and Nevada Legal News (NLN), which is the Nevada entity upon whose steps the foreclosure sale was scheduled to take place. The note holder—then Nationstar Mortgage, LLC—removed the case to federal court based on diversity jurisdiction, taking the position that

NLN was fraudulently joined to destroy jurisdiction, so its citizenship must be disregarded.[1] The Trust moves to remand this case back to state court.[2] The new assignee of the deed of trust, New Residential Mortgage Loan Trust 2020-NPL2, which has been substituted into Nationstar's stead,[3] opposes remand and moves to dismiss, arguing that both of the Trust's theories fail.[4]

I deny the motion to remand because NLN was fraudulently joined and the remaining defendants are completely diverse from the Trust. I grant the motion to dismiss as to the Trust's acceleration theories. But I deny it without prejudice as to the possession-of-the-note theory because the record contains no indication whether New Residential—who assumed Nationstar's role in this case after the motions were briefed—has possession of the note.

## Analysis

**I.     The Trust's Motion to Remand [ECF No. 21]**

This case was filed against three defendants: Nationstar Mortgage, a citizen of Delaware and Texas; First American Trustee Servicing Solutions, LLC, a Texas citizen and nominal defendant who has declared nonmonetary status for this action; and NLN, a Nevada entity. The plaintiff Trust's trustee is a Nevada citizen, which gives the Trust Nevada citizenship, too. The Trust argues that Nationstar wrongfully removed this action to federal court because NLN and the Trust are both Nevada citizens, making it impossible to establish the complete diversity

---

[1] ECF No. 1 at ¶ 10.
[2] ECF No. 21
[3] The motion was filed by Nationstar but New Residential has since been substituted in for Nationstar by stipulation of the parties. *See* ECF No. 48.
[4] ECF No. 27.

needed for federal subject-matter jurisdiction.[5] Nationstar contends that NLN is a fraudulently joined defendant whose citizenship must be disregarded.[6]

Fraudulent joinder is a term of art.[7] It typically "involves a claim against an in-state defendant that simply has no chance of success, whatever the plaintiff's motives."[8] "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent" and its citizenship must be disregarded.[9] "But 'if there is a *possibility* that a state court would find that the complaint states a cause of action against any of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court.'"[10]

There is no realistic possibility that a state court would find that the Trust's complaint states a cause of action against NLN. The complaint contains no factual allegations against this defendant, let alone any that would suggest that it is a proper defendant in this quiet-title action that is entirely about the enforceability of a 2004 deed of trust on a property that NLN has no interest in.[11] The only claim that the Trust pleads against NLN is entitled "Injunctive Relief."[12] But injunctive relief is not an independent cause of action; rather it is a remedy for another viable

---

[5] ECF No. 21.

[6] ECF No. 1 at 3–4; ECF No. 26.

[7] *McCabe v. General Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

[8] *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992).

[9] *McCabe*, 811 F.2d at 1339.

[10] *Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548 (9th Cir. 2018) (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)).

[11] ECF 1-1 at 89–95.

[12] *Id.* at 93.

cause of action.[13]  Here, that claim is a quiet-title one,[14] and NLN has no stake in that claim whatsoever.  Because the Trust's failure to state a claim against NLN is obvious, the joinder of this defendant is fraudulent.  And when NLN's Nevada citizenship is disregarded, the parties are completely diverse.  The Trust's motion to remand is therefore denied.

**II.    Motion to Dismiss [ECF No. 27]**

New Residential moves to dismiss this action, arguing that the legal theories upon which the Trust's claims hinge fail as a matter of fact or law.  Those theories are three: (1) the debt became accelerated when the original borrowers stopped paying the mortgage on April 1, 2010, and that debt was automatically extinguished ten years later by operation of NRS 106.240, so there's no longer any security to enforce; (2) alternatively, the debt became accelerated when one of the original borrowers received a bankruptcy discharge on June 15, 2011, so it was extinguished on June 15, 2021; and (3) regardless, New Residential needs—and doesn't have—possession of the note, and possession is required for it to collect upon this endorsed-in-blank promissory note.[15]

**A.    The acceleration was rescinded.**

The Trust's first theory that the debt was accelerated in 2010 fails because it ignores the fact that the lender recorded a rescission of that acceleration in 2011.  This home was acquired with a mortgage secured by a deed of trust recorded against the property in December 2004.[16]  The Trust alleges and argues that the borrowers stopped making mortgage payments against that

---

[13] To the extent that this remedy is pled as a claim, I dismiss it.

[14] The Trust concedes in its response to the motion to dismiss that this claim is "in essence a quiet title claim." ECF No. 30 at 14.

[15] ECF No. 1-1 at 5 (complaint).

[16] ECF No. 12-2 (deed of trust).

4

loan beginning with the payment due April 1, 2010.[17] And because NRS 106.240 creates a conclusive presumption that a lien on real property is extinguished ten years after the debt becomes due, "the 10-year period under NRS 106.240 was triggered on April 1, 2010[,] and expired on April 1, 2020."[18]

The first defect in the Trust's theory is that it provides no authority for the notion that the mortgagors' failure to pay triggered an acceleration on April 1, 2010. As the Supreme Court of Nevada noted when addressing acceleration clauses in *Clayton v. Gardner*, "acceleration is seldom implied, and courts usually require that an acceleration be exercised in a manner so clear and unequivocal that it leaves no doubt as to the lender's intention."[19] It appears that the first unequivocal notice of acceleration of this debt was the December 20, 2010, notice of default.[20] So if any document set the NRS 106.240 ten-year clock in motion, it was that one.

But that notice was canceled by the notice of rescission that was recorded just three months later on March 24, 2011.[21] That rescission is materially identical[22] to the one the Supreme Court of Nevada held in *Glass v. Select Portfolio Servicing, Inc.* "explicitly cancel[ed]

---

[17] ECF No. 1-1 at 5, ¶ 11.

[18] ECF No. 30 at 10–11.

[19] *Clayton v. Gardner*, 813 P.2d 997, 999 (Nev. 1991) (quoting *United States v. Feterl*, 849 F.2d 354, 357 (8th Cir. 1988)).

[20] ECF No. 12-21 (notice of default and election to sell).

[21] ECF No. 12-22 at 2 (rescission). I take judicial notice of these recorded documents, and this does not convert this motion to dismiss into one for summary judgment. *United States v. 14.02 Acres of Land More or Less in Fresno Cty*, 547 F.3d 943, 955 (9th Cir. 2008) ("Although, as a general rule, a district court may not consider materials not originally included in the pleadings in deciding a Rule 12 motion, it 'may take judicial notice of matters of public record' and consider them without converting a Rule 12 motion into one for summary judgment.") (quoting *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2011) (internal citations omitted).

[22] *Compare* ECF No. 9-8 at 2 *with* ECF No. 9-13 at 2.

th[e] Notice of Default" and thereby "effectively cancelled the acceleration."[23]  Although *Glass* is an unpublished decision, the Ninth Circuit permits district courts to consider such decisions "because they may lend support to a conclusion as to what the Nevada Supreme Court would hold in a published decision."[24]  The Supreme Court of Nevada's reliance on *Glass* to reject an NRS 106.240 challenge in a subsequent case bolsters the belief that it would so hold in a published decision.[25]  And even the Ninth Circuit has relied on *Glass*, found it "persuasive," and applied its reasoning to reject NRS 106.240 arguments like those the Trust relies on here.[26]  So assuming without deciding that NRS 106.240 could have extinguished the deed of trust ten years after the acceleration, the March 24, 2011, rescission decelerated it and avoided that result.

**B.    The Trust's bankruptcy-discharge theory fails.**

The Trust alternatively theorizes that the June 15, 2011, bankruptcy discharge for one of the borrowers accelerated the debt.  It offers zero authority for this proposition.  Nothing in the deed of trust suggests that a bankruptcy discharge could automatically accelerate this debt,[27] and

---

[23] *Glass v. Select Portfolio Serv., Inc.*, 466 P.3d 939 (Nev. 2020) (unpublished).

[24] *U.S. Bank v. White Horse Estates Homeowners Ass'n*, 987 F.3d 858, 863 (9th Cir. 2021) (cleaned up).

[25] *See SFR Invs. Pool 1 v. U.S. Bank*, 495 P.3d 126 (Nev. 2021) (unpublished) ("In *Glass*, we reasoned that because the Notice of Rescission rescinded the previously recorded Notice of Default, the Notice of Rescission "effectively cancelled the acceleration" triggered by the Notice of Default such that NRS 106.240's 10-year period was reset.  We therefore conclude that the Notice of Rescission in this case had the same effect.") (internal citations omitted).

[26] *See, e.g.*, *Bank of Am., NA v. SFR Invs. Pool 1, LLC*, 849 F. App'x 211, 212 (9th Cir. 2021) (unpublished) ("Because the facts in *Glass* are similar to the undisputed facts here, we find it persuasive and apply the court's reasoning to conclude that the district court erred in entering judgment in favor of SFR."); *TRP Fund VIII, LLC v. NewRez LLC*, 2021 WL 5823701 at *1 (9th Cir. 2021) (unpublished) (citing *Glass* and noting that "[r]ecent decisions of the Nevada Supreme Court confirm our conclusion that the recission notice decelerated the loan and prevented extinguishment of the deed of trust under the ancient lien statute.").

[27] *See generally* ECF No. 12-2.

paragraph 22 of that document contains detailed requirements for triggering acceleration, including a notice that does not appear to have been provided in conjunction with the bankruptcy discharge here.[28]  And to find that a bankruptcy discharge automatically accelerates the discharged debt would recognize an unworthy exception to the Supreme Court of Nevada's recognition in *Clayton* that "courts usually require that an acceleration be exercised in a manner so clear and unequivocal that it leaves no doubt as to the lender's intention."[29]  So I find that the Trust's quiet-title claim cannot rest on its bankruptcy-discharge acceleration theory either.

### C. Whether New Residential possesses the note cannot be determined on this motion to dismiss.

Finally, the Trust contends that foreclosure under the deed of trust is not possible because there is no proof that the foreclosing party has possession of the promissory note, which was endorsed in blank.[30]  In the reply in support of the motion to dismiss, Nationstar insists that it had possession of the note and "established [that] possession . . . through the affidavit of authority attached to the notice of default and the affidavit" of its Vice President of Litigation, who swears that Nationstar's file "contains the original promissory note" and "Nationstar is in actual physical possession" of it.[31]  That affidavit falls outside the pleadings, so if I were to rely on it to establish the fact of possession, I first would have to convert this motion into one for

---

[28] *Id.* at 13.  *See also Ramanathan as Tr. of Ramanathan Fam. Tr. v. Bank of New York Mellon*, 2021 WL 4486320 at *4 (D. Nev. Sept. 30, 2021) (holding that "although a bankruptcy petition accelerates debts for purposes of a bankruptcy proceeding, it does not necessarily do so for purposes of § 106.240," and "[l]ikewise, although the bankruptcy discharge relieved the debtors of personal liability on the debt, that happened by operation of the bankruptcy proceeding, not by the lender's option to accelerate under the terms of the note and deed of trust.").

[29] *Clayton*, 813 P.2d at 999 (quoting *United States v. Feterl*, 849 F.2d 354, 357 (8th Cir. 1988)).

[30] ECF No. 30 at 8–9.

[31] ECF No. 12-5 at 3.

7

summary judgment, which I decline to do. Regardless, New Residential has since been "substituted in place and stead of Nationstar" and is "the current recorded assignee of the subject deed of trust,"[32] and the record contains no information about whether New Residential now possesses that note. So I deny the motion to dismiss this claim theory without prejudice to New Residential's ability to establish possession in a proper motion for summary judgment.

## Conclusion

IT IS THEREFORE ORDERED that the motion to remand **[ECF No. 21] is DENIED.**

IT IS FURTHER ORDERED that the motion to dismiss **[ECF No. 27] is GRANTED in part and DENIED in part:**

- The injunctive relief "claim" is dismissed because injunctive relief is a remedy, not a claim. To the extent that this "claim" is a prayer for this remedy for quiet title, I construe it as one;

- To the extent that this action is based on NRS 106.240, it is dismissed; and

- To the extent that this action is based on the lack of possession of the promissory note, the motion to dismiss is denied without prejudice to the defendants' ability to challenge this sole remaining theory with a proper motion for summary judgment.

_____
U.S. District Judge Jennifer A. Dorsey
March 10, 2022

---

[32] ECF No. 46 (stipulated substitution).