**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

OCT 5 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| 7321 WANDERING STREET TRUST, | No. 22-15526 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-01193-JAD-EJY |
| v. | |
| NEW RESIDENTIAL MORTGAGE LOAN TRUST 2020-NPL2, | MEMORANDUM[*] |
| Defendant-Appellee, | |
| and | |
| FIRST AMERICAN TRUSTEE SERVICING SOLUTIONS, LLC; NEVADA LEGAL NEWS, | |
| Defendants. | |

Appeal from the United States District Court
for the District of Nevada
Jennifer A. Dorsey, District Judge, Presiding

Submitted October 2, 2023[**]
Las Vegas, Nevada

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

Before:  RAWLINSON and OWENS, Circuit Judges, and FITZWATER,[***] District Judge.

The 7321 Wandering Street Trust (WST) filed suit to establish that the lien encumbering its property was extinguished under Nevada's ancient lien statute. Nev. Rev. Stat. (NRS) § 106.240.  WST also recorded a lis pendens to prevent foreclosure by New Residential Mortgage Trust (NewRez) during the litigation. The district court dismissed WST's claim, holding that the loan had not become wholly due under NRS § 106.240, but did not address NewRez's request to cancel the lis pendens.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm in part and remand in part.

We review a dismissal for failure to state a claim *de novo*. *L.A. Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 800 (9th Cir. 2017).  We also review interpretations of state law *de novo*, following the decisions of the state's highest court.  *Ariz. Elec. Power Coop., Inc. v. Berkeley*, 59 F.3d 988, 991 (9th Cir. 1995).  In the absence of such a decision, we must predict how the highest state court would decide the issue.  *See id.*

1.      Under NRS § 106.240, a lien under a deed of trust is "conclusively presumed . . . discharged" ten years after the debt becomes "wholly due."  WST argues that ten years have elapsed since the debt secured by the deed of trust

---

[***] The Honorable Sidney A. Fitzwater, United States District Judge for the Northern District of Texas, sitting by designation.

became wholly due either in (1) December 2010 when the deed trustee filed the Notice of Default and Election to Sell or (2) June 2011 when the debt was discharged in bankruptcy.

Even if the 2010 Notice of Default triggered the ten-year period by making the debt wholly due, the deed trustee's March 2011 Notice of Rescission undid any acceleration of the debt by withdrawing the Notice of Default and Election to Sell. *See SFR Invs. Pool 1, LLC v. U.S. Bank N.A.*, 507 P.3d 194, 198 (Nev. 2022) (rejecting an argument that a loan remains wholly due after the rescission of a notice of default that accelerated the loan).

The 2011 bankruptcy discharge also did not trigger the ten-year period. In a factually analogous case decided during the pendency of this appeal, the Nevada Supreme Court held that bankruptcy discharge does not make a debt wholly due under NRS § 106.240. *W. Coast Servicing, Inc. v. Kassler*, No. 84122, 2023 WL 4057073, at *2 (Nev. June 16, 2023) (unpublished).[1] The district court therefore properly dismissed WST's claim because neither the rescinded default notice nor the bankruptcy discharge made the debt wholly due.[2]

---

[1] Though this decision is unpublished, we rely on it as persuasive authority.

[2] WST forfeited its argument that the filing of the bankruptcy *petition* triggered the ten-year period by omitting it from its amended complaint and opening brief. *See Orr v. Plumb*, 884 F.3d 923, 932 (9th Cir. 2018) ("[A]rguments raised for the first time on appeal or omitted from the opening brief are deemed forfeited.").

3

4

2. NewRez is entitled to cancellation of the lis pendens recorded against the property because WST is not "likely to prevail," nor does it have "a fair chance of success on the merits in the action" having failed to state a claim as a matter of law. NRS § 14.015(3). We therefore remand to the district court with instructions to grant the requested cancellation of the lis pendens.

**AFFIRMED in part; REMANDED in part.**